Melanie Sloan
D.C. Bar No. 454584
Anne L. Weismann
D.C. Bar No. 298190
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C.  20005
202-408-5565

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CITIZENS FOR RESPONSIBILITY AND         :
ETHICS IN WASHINGTON                    :
11 Dupont Circle, N.W.                  :
Washington, D.C.  20036                 :
                                        :
      Plaintiff,                      :
                                        :
v.                                      : Civil Action No.
                                        :
U.S. DEPARTMENT OF LABOR,               :
200 Constitution Avenue, N.W.           :
Washington, D.C.  20001                 :
                                        :
      Defendant.                      :
_____:

**COMPLAINT FOR**
**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

    1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, as well as agency FOIA regulations, challenging the failure of the U.S. Department of Labor ("DOL"), to fulfill the request of Plaintiff for documents relating to lobbyist Richard Berman, and certain entities he heads and/or founded.

2. This case seeks declaratory relief that Defendant is in violation of the FOIA and agency regulations for failing to fulfill Plaintiff's request for records, and injunctive relief that Defendant immediately and fully comply with Plaintiff's request under the FOIA.

**JURISDICTION AND VENUE**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this district under 5 U.S.C. §552(a)(4)(B).

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethical issues seriously. CREW monitors closely the laws and rules applicable to government agencies.

6. CREW is harmed by DOL's failure to comply with the FOIA, because that failure harms CREW's ability to provide full, accurate, and current information to the public on a matter of great public interest and urgency. 5 U.S.C. §552(a)(6)(C).

7. Defendant DOL is an agency within the meaning of 5 U.S.C. §552(f). Defendant is the

federal agency with possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8. The FOIA, 5 U.S.C. §552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. §552(a)(6)(A)(i).

10. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. §552(a)(6)(A)(ii).

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. §552(a)(6)(B).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

13. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that "the circumstances

surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. §552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

14. On March 13, 2006, *The Washington Post* reported that an email apparently sent to DOL employees from Lynn Gibson, an aide in DOL's public liaison office, identified a new website, UnionFacts.com. Al Kamen, Who Gets the Not-So-Coveted Rosemary?, *The Washington Post*, March 13, 2006 (attached as Exhibit A). Ms. Gibson reportedly described the website as "dedicated to providing information on labor unions and their expenditures." Id.

15. In fact, as *The Washington Post* article points out, UnionFacts.com, which is run by the Center for Union Facts,[1] is a "stridently anti-union site that talks about the 'political activities and criminal activity of the labor movement.'" Id. The Center for Union Facts is headed by Richard Berman, a controversial lobbyist who founded the lobbying firm Berman & Company, and who has also been behind other controversial campaigns. Id.

16. For example, Mr. Berman also founded the Employment Policies Institute Foundation, an organization opposing raising the minimum wage. Id. *See also* http://www.epionline.org/index_mw.cfm. And he heads the Center for Consumer Freedom, which has labeled concerns about obesity as mere "hype." *See, e.g.*, http://www.consumerfreedom.com/issuepage.cfm/topic/37. The Center for Consumer Freedom was "founded with tobacco company and restaurant money to smoke curbs in restaurants." Kamen, *The Washington Post*, March 13, 2006. Mr. Berman has also advocated for lowering the legal blood-alcohol limit. Id.

---

[1] See http://www.unionfacts.com/aboutUs.cfm.

17. This apparent endorsement by DOL of an anti-union website represents a dramatic departure from DOL's previous alignment with organized labor on employment issues such as workplace safety, wages, and benefits.  Id

**Plaintiff's FOIA Request and Follow-Up**

18. By letter dated March 14, 2006, pursuant to the Freedom of Information Act, Plaintiff requested that DOL produce all records that mention or relate to the following: Richard Berman, Berman & Company, any employee or representative of Berman & Company and/or Richard Berman, The Center for Union Facts, The Employment Policies Institute Foundation, and The Center for Consumer Freedom.  Letter from Anne L. Weismann to Division of Legislation and Legal Counsel, DOL, March 14, 2006 (attached as Exhibit B).

19. CREW also requested a waiver of fees associated with processing its request, pursuant to 5 U.S.C. §552(a)(4)(A)(iii).  Id.  CREW explained that the subject of its request concerns "the operations of the federal government," "the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way," and CREW is making the request "primarily and fundamentally for non-commercial purposes."  Id.  More specifically, CREW explained that the records it was seeking "are likely to contribute to the public's understanding of the role that outside entities with anti-union biases may have on DOL, including on employment issues such as workplace safety, wages, and benefits."  Id.

20. By letter dated April 7, 2006, Michael Niss, Director, Division of Longshore and Harbor Workers' Compensation, in DOL's Office of Workers' Compensation Programs, advised CREW that his office does not have any records responsive to CREW's request.  Letter from

5

Michael Niss to Anne L. Weismann, April 7, 2006 (attached as Exhibit C).

21. By letter dated April 17, 2006, Kevin L. Ropp, Director, Office of Communications for the Occupational Safety and Health Administration, advised CREW that his office does not have any records responsive to CREW's request. Letter from Kevin L. Ropp to Anne L. Weismann, April 17, 2006 (attached as Exhibit D).

22. By letter dated April 17, 2006, Carl Smith, Acting Director, Office of Planning and Analysis for the Employment Standards Administration, advised CREW that the Wage and Hour Division does not have any records responsive to CREW's request. Letter from Carl Smith to Anne L. Weismann, April 17, 2006 (attached as Exhibit E).

23. With the exception of these three letters, CREW has received no other response from DOL regarding CREW's March 14, 2006 FOIA request.

24. CREW has now exhausted its administrative remedies with respect to the processing of CREW's FOIA request. *See*, *e.g.*, Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

## CLAIM ONE

### (Failure to Produce Records)

25. Plaintiff realleges and incorporates by reference all preceding paragraphs.

26. Plaintiff properly asked for records within DOL's control.

27. Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant makes an explicit and justified statutory exemption claim.

28. Therefore Defendant, with the exception of the Employment Standards

Administration of the Office of Workers' Compensation Programs, the Occupational Safety and Health Administration, and the Wage and Hour Division of the Employment Standards Administration, violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested.  5 U.S.C. §§552(a)(3)(A), 552(a)(4)(B).

## CLAIM TWO

### (Failure to Respond)

29.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

30.  On March 14, 2006, Plaintiff properly filed a FOIA request with DOL.

31.  To date, Plaintiff has not received a substantive response from DOL, with the exception of the Employment Standards Administration of the Office of Workers' Compensation Programs, the Occupational Safety and Health Administration, and the Wage and Hour Division of the Employment Standards Administration, and DOL has exceeded the 20-working-day statutory time limit for such a response.  5 U.S.C. §552(a)(6)(A)(I).

32.  Therefore, DOL has violated the FOIA's mandate to respond to Plaintiff's FOIA request within the statutory time period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that DOL has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request of March 14, 2006;

(2) Order DOL to respond immediately to Plaintiff's FOIA request;

(3) Award Plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. §552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

                                              Respectfully submitted,

                                              _____

Melanie Sloan
(D.C. Bar No. 434584)
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and
 Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: April 24, 2006