**EXHIBIT A**

☐

Copyright 2006 The Washington Post
**The Washington Post**
**washingtonpost.com**
The Washington Post

**March 13, 2006 Monday**
Final Edition

**SECTION:** A Section; A13, IN THE LOOP Al Kamen

**LENGTH:** 748 words

**HEADLINE:** Who Gets the Not-So-Coveted Rosemary?

**BYLINE:** Al Kamen

**BODY:**

The Pulitzer Prizes will be announced next month. The next most esteemed prize is the National Security Archive's Rosemary Award, to be announced today to kick off "Sunshine Week," so designated by advocates for more government openness.

The Rosemary honors President Richard M. Nixon's secretary, Rose Mary Woods, whose contortionist stretch at her desk caused her to "accidentally" erase 181/2 minutes of the tape of a key Watergate conversation.

And the winner of the hotly contested second annual Rosemary? The Central Intelligence Agency, which archive director Thomas S. Blanton hailed for "the most dramatic one-year drop-off in professionalism and responsiveness to the public" in 20 years of monitoring compliance the Freedom of Information Act. The CIA's "performance markers that clinched the 2006 Rosemary," he said, include:

* Although the agency handles only 0.08 percent of FOIA requests of federal information, it has four of the 10 oldest pending requests. Some are so old they could get drivers' licenses.

* After stalling for 15 years on a request from a small Pennsylvania newspaper for records on a convicted arms dealer with ties to the intelligence community, the agency responded last year that it had "no records" on the matter.

* "More creatively," the archive said, the CIA said it could "neither confirm nor deny" the existence of records on the relationship between Taliban leader Mullah Omar and Osama bin Laden, even though hundreds of such documents have been released by other agencies.

Last year's winner, the U.S. Air Force, was defeated this year in the Rosemary race because it hired new senior staff, reached out to people seeking information and began to clear up its backlog.

Seems Senate Majority Leader Bill Frist's office is trying to be extra careful these days in its news releases.

On Monday, at 6:07 p.m., we got an announcement that Frist had promoted Robert G.

Stevenson to be his "senior communications adviser." Stevenson had been his communications director since 2003. Amy Call, deputy communications director, moved up to director.

Twelve minutes later, a "corrected" release came by. We looked and looked and couldn't figure out what had changed. Then we spotted it: Stevenson was not to be an adviser, but Frist's "senior communications counselor."

"Counselor," as Loop Fans know, is the preferred honorific in Washington these days, as it evokes images of Washington wise men such as Clark Clifford or Lloyd Cutler.

The next day, ABC News Deputy Political Director David Chalian spotted this Frist release: "FRIST SUPPORTS INTELLIGENCE COMMITTEE'S EFFORT TO INVESTIGATE NSA TERRORIST SURVEILLANCE PROGRAM."

Just a little bit later came the corrected version: "FRIST SUPPORTS INTELLIGENCE COMMITTEE APPROACH TO CONDUCT OVERSIGHT OF NSA TERRORIST SURVEILLANCE PROGRAM."

So Frist was in support of a congressional investigation before he opposed it?

For many decades, the Labor Department had been seen as basically in lock step with organized labor's views on employment issues such as workplace safety, wages and benefits.

But that is so 20th-century thinking. There's a new spirit at the department, judging from a June 15 e-mail from Lynn Gibson, an aide in the public liaison office that alerts people to a training opportunity.

"The next [noteworthy item] is a new website, if you were not already aware of it," she says. "The website is dedicated to providing information on labor unions and their expenditures. UnionFacts.com launched on Monday, February 13th, and some news links are listed below."

Turns out, according to a linked article by our colleague Amy Joyce, this is a stridently anti-union site that talks about the "political activities, and criminal activity of the labor movement." The site lets members check their union's "shady tactics" and highlights how to bust a union's right to represent workers at a company.

The site is run by **Richard Berman,** a lobbyist behind many fun campaigns, such as one dismissing concerns about mercury in fish, another against efforts to lower the legal blood-alcohol content limit, and one that says concerns about obesity are "hype."

Berman also heads the Center for Consumer Freedom, founded with tobacco company and restaurant money to fight smoking curbs in restaurants, and founded the Employment Policies Institute Foundation, which opposes raising the minimum wage.

To paraphrase the old car ad, this is not your father's Department of Labor.

**LOAD-DATE:** March 13, 2006

Document 1 of 1

**EXHIBIT B**



**CREW** | citizens for responsibility and ethics in washington

March 14, 2006

Division of Legislation and Legal Counsel
Office of the Solicitor
U.S. Department of Labor
Room N-2428
200 Constitution Avenue, N.W.
Washington, D.C.

**Re: FOIA Request**

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, et seq.

Specifically, CREW seeks any and all records from any office of the Department of Labor ("DOL"), including any and all field offices, dating from January 1, 2001, to the present that mention or relate to the following individuals and entities:

-Richard Berman
-Berman & Company
-any employee or representative of Berman & Company and/or Richard Berman
-The Center for Union Facts
-The Employment Policies Institute Foundation
-The Center for Consumer Freedom.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, photographs, and back-up tapes. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail

regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after-information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224, citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b) ("Any reasonably segregable portion of a records shall be provided to any person requesting such record after deletion of the portions which are exempt . . ."); see also Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1209 (D.C. Cir. 1992). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt and how the material is dispersed throughout the documents. Mead Data Central, 566 F.2d at 261. Claims of non-segregability must be made with the same degree of detail as required for claims of exemption in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the role that outside entities with anti-union biases may have on DOL, including on employment issues such as workplace safety, wages and benefits.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal

2

Revenue code. CREW is committed to protecting the right of citizens to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. CREW has an established record of carrying out these type of activities, as evidenced through its website, www.citizensforethics.org.

Under these circumstances, CREW satisfied fully the criteria for a fee waiver.

### Conclusion

Please respond to this request in writing within 20 days as requested under 5 U.S.C. §552(a)(6)(A)(i). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents that are available within that time period.

If you have any questions about this request or foresee problems in releasing fully the requested records within the 20-day period, please call me within that time period. I can be reached at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact me immediately upon making such a determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Very truly yours,

ANNE L. WEISMANN
Chief Counsel
Citizens for Responsibility and Ethics in Washington

3

# EXHIBIT C

**U.S. Department of Labor**  Employment Standards Administration
Office of Workers' Compensation Programs
Division of Longshore and
Harbor Workers' Compensation
Washington, D.C. 20210



File Number:

APR 0 7 2006

Anne L. Weisman
Citizens for Responsibility and Ethics in Washington
1400 Eye Street NW, Ste. 450
Washington, DC 20005

Dear Ms. Weisman:

Your March 14, 2006, request under the Freedom of Information Act (FOIA) was referred to this office for response on April 3, 2006. You requested any and all records (including electronic records and information, audiotapes, videotapes, and photographs) from the Department of Labor, dating from January 1, 2001, to the present, that mention or relate to the following individuals or entities: Richard Berman, Berman & Company, any employee or representative of Berman & Company and/or Richard Berman, The Center for Union Facts, the Employment Policies Institute Foundation, and the Center for Consumer Freedom. This response only pertains to the Department of Labor, Employment Standards Administration, Office of Workers' Compensation Programs, Division of Longshore and Harbor Workers' Compensation (DLHWC).

We have reviewed our records and have determined that DLHWC does not have any records responsive to your request.

We do not consider this a denial of your FOIA request. However, if you disagree, you may file an appeal to the Solicitor of Labor within 90 days from the date you receive this letter. The appeal must state, in writing, the grounds for the appeal, including any supporting statements or arguments. To facilitate this process, you may wish to telefax your appeal to (202) 693-5539. The appeal should include a copy of your initial request and a copy of this letter. The appeal must be addressed to:

> Solicitor of Labor
> U.S. Department of Labor
> 200 Constitution Avenue., NW
> Washington, DC 20210

The envelope, should you use one, and the letter of appeal must be clearly marked: "Freedom of Information Act Appeal."

I hope this information will be of assistance to you.

Sincerely,

*John Chamberlain*

ʰ/ MICHAEL NISS
Director, Division of
Longshore and Harbor
Workers' Compensation

# EXHIBIT D

U.S. Department of Labor   Occupational Safety and Health Administration
Washington, D.C. 20210

Reply to the attention of:



April 17, 2006

Ms. Anne L. Weismann
Chief Counsel
Citizens for Responsibility and Ethics
   In Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C.  20005

Dear Ms. Weismann:

Your Freedom of Information Act (FOIA) request dated March 14, 2006, concerning Richard Berman, Berman & Company, The Center for Union Facts, The Employment Policies Institute Foundation, and The Center for Consumer Freedom, has been referred to the Occupational Safety and Health Administration (OSHA) for a direct response. Your request was received by this office on April 3, 2006.

Agency employees in Washington, D.C., conducted a search for records concerning your request; however, no responsive records were located.

You have the right to appeal this no records response. If you wish to appeal, you may do so through the Solicitor of Labor under 29 C.F.R. §70.22. The appeal must be filed within 90 days from the date the response was received. The letter should state in writing the grounds for appeal, including any supporting statements or arguments. To facilitate processing, the appeal should include copies of your initial request and the response of the disclosure officer. Address the appeal to Solicitor of Labor, U.S. Department of Labor, Room N2428, 200 Constitution Avenue, N.W., Washington, D.C. 20210. The appeal and the envelope must be marked "FOIA APPEAL."

If we can be of further service, please call Sue Izumi at (202) 693-1999.

Sincerely,

Kevin L. Ropp, Director
   Office of Communications

# EXHIBIT E

**U.S. Department of Labor**   Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210



April 17, 2006

Anne L. Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005

Dear Ms. Weismann:

This is in response to your Freedom of Information Act (FOIA) request of March 14, 2006, addressed to the Office of the Solicitor and referred to the Wage and Hour Division. Your request concerns any records or other information related to the following:

- Richard Berman
- Berman & Company
- Any employee or representative of Berman & Company and/or Richard Berman
- The Center for Union Facts
- The Employment Policies Institute Foundation
- The Center for Consumer Freedom

The Wage and Hour Division enforces the Fair Labor Standards Act which is the Federal law that establishes minimum wage, overtime pay and child labor standards for covered, non-exempt employees. Wage and Hour also enforces the Family and Medical Leave Act (FMLA) in addition to other labor standards laws including those that apply to government contracts and migrant or seasonal agricultural workers.

Wage and Hour enforcement information is entered and maintained in electronic form in the Wage Hour Investigative Support and Reporting Database (WHISARD). Our search of the WHISARD system and other systems of records disclosed no information on any of the entities listed in your request.

You may file an appeal of our response to your FOIA request to the Solicitor of Labor within 90 days of the date of this letter. This appeal should state, in writing, the grounds for appeal, including any supporting statements or arguments. The appeal shall be

addressed to the Solicitor of Labor, U.S. Department of Labor, 200 Constitution Avenue NW. Washington, DC 20210. Both the envelope and the letter of appeal itself must be clearly marked "Freedom of Information Act Appeal."

If you have any questions about this matter, please contact Barbara Brown of my staff at (202) 693-0054 or brown.barbara.a@dol.gov.

Sincerely,

Carl Smith
Acting Director, Office of
Planning and Analysis