UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON | ) ) ) | **Case No. 1:06CV00743 (RMC)** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF LABOR | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, United States Department of Labor, respectfully moves for summary judgment in this case because there are no genuine issues in dispute and defendant is entitled to judgment in its favor as a matter of law. The reasons supporting this Motion are set forth in the accompanying Declaration of Joseph Plick, accompanying documents filed with this motion and also filed previously and the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment. Additionally, a Statement of Issues Not in Genuine Dispute is also attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 171538
Assistant United States Attorney

_____
BENTON G. PETERSON, Wis. Bar No.1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C. 20530
(202) 514-7238;(202) 514-8780 (Facsimile)
**Benton.Peterson@usdoj.gov**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON | ) ) ) | **Case No. 1:06CV00743 (RMC)** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF LABOR | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Department of Labor (the "Department"), pursuant to Federal Rule of Civil Procedure 56, moves for summary judgment, requesting dismissal of the complaint filed by the Citizens for Responsibility and Ethics in Washington (the "Plaintiff"). Summary judgment for the Department is warranted in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 because, as discussed in Section III, and supported by declaration, the Department properly redacted deliberative materials pursuant to FOIA Exemption 5 from documents released to plaintiff. In support of the Department's motion for summary judgment, the Department relies upon the attached declaration of Joseph Plick, Counsel for the FOIA, the Federal Advisory Committee Act and the Privacy Act, Office of the Solicitor (Exhibit A).

1

I.    **STANDARD FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure:

. . .

(b)  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c)  The judgment sought shall be rendered forthwith if the pleadings . . . together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In general, FOIA cases are resolved at the summary judgment stage.  *See Flightsafety Services Corporation v. Department of Labor*, 326 F.3d 607, 610 (5th Cir. 2003).  Courts review FOIA matters *de novo* and may review contents of agency records *in camera*.  5 U.S.C. § 552(a)(4)(B).  "In the FOIA context … summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith."  *Gallant v. National Labor Relations Board*, 26 F.3d 168, 171 (D.C. Cir. 1994).

In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of proving that the information redacted is exempt from disclosure.  *See Public Citizen Health Research Group v. Food and Drug Administration*, 185 F.3d 898, 904 (D.C. Cir. 1999).  Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden.  *See Maynard v. Central Intelligence Agency,* 986 F.2d 547,

559 (1st Cir. 1993); *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982). Affidavits submitted by an agency are "accorded a presumption of good faith." *Safecard Services, Inc. v. Securities and Exchange Commission,* 926 F.2d 1197, 1200 (D.C. Cir. 1991).

## II.    ARGUMENT

### A.  The Department Properly Redacted Deliberative Process Materials Pursuant to FOIA Exemption 5.

The basic purpose of the FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society. *See Department of Justice v. Reporters' Committee for Freedom of the Press*, 489 U.S. 749, 754 (1989). An agency must disclose requested documents unless information is exempted under one of the nine FOIA exemptions. *See Department of the Air Force v. Rose*, 425 U.S. 352, 361 (1976). "Although FOIA strongly favors prompt disclosure, its nine enumerated exemptions are designed to protect those legitimate governmental and private interests that might be harmed by release of certain types of information." *August v. Federal Bureau of Investigation*, 328 F.3d 697, 699 (D.C. Cir. 2003).

FOIA Exemption 5 states that FOIA "does not apply to matters that are . . . inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 incorporates the common-law "privilege regarding the government's deliberative process." *Bureau of National Affairs v. Department of Justice,* 742 F.2d 1484, 1496 (D.C. Cir. 1984). The inclusion of the deliberative process privilege in the FOIA "reflects the legislative judgment that the quality of administrative decision-making would be seriously undermined if agencies were forced to 'operate in a fishbowl' because the full and frank exchange of ideas on legal or policy matters would be

3

impossible." *Tax Analysts v. Internal Revenue Service*, 117 F.3d 607, 617 (D.C. Cir. 1997).  As the court observed in *National Labor Relations Board v. Sears, Roebuck & Company*, 421 U.S. 132, 150-51 (1975), ". . . the frank discussion of legal or policy matters in writing might be inhibited if the discussion were made public  . . . ."  The courts have generally recognized that material containing recommendations, proposals, suggestions, and other subjective data which reflect personal opinions rather than agency policy comes within this privilege.  *See Arthur Andersen & Co. v. Internal Revenue Service*, 679 F.2d 254, 257 (D.C. Cir. 1982).  To come within the purpose of the privilege, a document must be both "pre-decisional" and "deliberative."  *See Judicial Watch, Inc. v. Department of Energy*, 412 F.3d 125, 129 (D.C. Cir. 2005).

   The Department here redacted four sets of e-mail correspondence pursuant to FOIA Exemption 5.  This material, if revealed, would disclose the deliberative process of the Secretary of Labor and her staff.

   First, the Secretary of Labor and her staff exchanged opinions and deliberative communications via an e-mail correspondence string, the final e-mail of which was dated July 13, 2004.  *See* Plick Dec. ¶ 7 and Exhibit A-2, page DOL 0035.  These communications are predecisional in that they were made regarding a draft of a biography to be submitted to The First Jobs Institute and a consumer education program addressing financial literacy.  The redacted material is deliberative in that it contains opinions and suggestions exchanged between the Secretary and her staff. *See* Plick Dec. ¶ 7.

   Second, the Deputy Secretary exchanged opinions and deliberative communications with staff via e-mail, dated March 21-22, 2006, regarding media articles

4

of February 14, 2006 and March 27, 2006.  *See* Plick Dec. ¶ 7 and Exhibit A-2, pages DOL 0105, DOL 0108 and DOL 0111.  These communications are predecisional in that the Deputy Secretary questioned senior staff regarding the two media articles in order to determine which, if any, actions the Department might need to take as a result of these articles.  The redacted material is deliberative in that it contains opinions and questions of the Deputy Secretary. *See* Plick Dec. ¶ 7.

Third, the Deputy Secretary exchanged deliberative internal e-mail correspondence, dated July 19, 20 and 22, 2004, with his staff regarding Mr. Berman's request for support of The First Jobs Institute.  *See* Plick Dec. ¶ 7 and Exhibit A-3, pages DOL 0115-0116 and DOL 0118.  These communications are predecisional in that they were made in an attempt to reach a decision regarding Mr. Berman's request.  The redacted material is deliberative in that it contains opinions and recommendations exchanged between the Deputy Secretary and his staff. *See* Plick Dec. ¶ 7.

Fourth, an internal e-mail exchange, dated December 5, 2002, between Anthony Bedell, Congressional and Inter-Governmental Affairs, Office of the Secretary, and a staff member, Jennifer Jameson, was partially redacted.  *See* Exhibit A-3, page DOL 0117.  The content ("set up a mtg with someone in ETA for Rick Berman") of Ms. Jameson's initial e-mail to Mr. Bedell was determined to be responsive to plaintiff's FOIA request, and released in full to plaintiff.  *See* Plick Dec. ¶ 9 and Exhibit A-3, page DOL 0117.  Mr. Bedell responded to Ms. Jameson's e-mail, but only with respect to an issue (review of a proposed Congressional Action Plan update) that was completely unrelated to Ms. Jameson's e-mail and plaintiff's FOIA request.  *See* Plick Dec. ¶ 9.  Thus, the full text of Mr. Bedell's e-mail correspondence was redacted.  Mr. Bedell's communications

5

are predecisional in that they were made regarding the review of a draft document. The redacted material is deliberative in that Mr. Bedell sought opinions and suggestions regarding review of the draft document. *See* Plick Dec. ¶ 7.

In sum, the redacted materials contain recommendations, proposals, suggestions, and other subjective material which reflect deliberations of the Secretary and her staff, that fall within the deliberative process privilege. Therefore, the Department properly redacted this information from the documents released to plaintiff.

**B.  Defendant Conducted an Adequate Search.**

Defendant located a total of 130 pages of responsive documents. Plick Decl. at ¶¶ 8-9. All information other than information redacted pursuant the exemptions described above were released to Plaintiff. *See*Plick Decl. generally. The Plick declaration describes the review of DOL's files and the exact search terms used to locate responsive documents ¶ 10. The methodology was straight-forward and appropriate, *see id.,* and accordingly, the Court should find the search was reasonable and complies with FOIA.

**III.   CONCLUSION**

The Department provided plaintiff with 130 pages of documents responsive to its FOIA request, with proper redactions of deliberative process material exempt under FOIA Exemption 5. The quality of the Department's decision-making would be seriously undermined if the Department was forced to "operate in a fishbowl because the full and frank exchange of ideas on legal or policy matters would be impossible." *Tax Analysts*,

117 F.3d at 617.  Therefore, the Department respectfully requests that the Court grant the Department's motion for summary judgment.

Dated:  28th day of August, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
**Benton.Peterson@usdoj.gov**

Case 1:06-cv-00743-RMC    Document 9    Filed 08/28/2006    Page 10 of 10