UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS in WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF LABOR )<br>)<br>)<br>Defendant. )<br>) | No. 1:06CV00743 (RMC) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Nearly six months ago *The Washington Post* reported on a curious relationship between the U.S. Department of Labor ("DOL") and a stridently anti-union web site run by one of Richard Berman's organizations, the Center for Union Facts. In response, Citizens for Responsibility and Ethics in Washington ("CREW"), a public interest watchdog organization, filed a Freedom of Information Act ("FOIA") request with DOL seeking all documents that mention or relate to Richard Berman and a number of his entities and organizations. When DOL failed to produce any responsive records, CREW filed the complaint at issue here. Only then did DOL produce 130 pages of documents, portions of which it redacted pursuant to FOIA Exemptions 5 and 6.[1]

DOL has now moved for summary judgment, arguing that it conducted an adequate

---

[1] CREW is not challenging either the adequacy of DOL's search or any withholding under Exemption 6.

-1-

search and properly withheld documents under Exemption 5 because they contain communications that reveal the deliberative processes of the Labor Department. As explained below, DOL has not met its burden of proving that the information it withheld is properly exempt from disclosure. The declaration DOL submitted to support its claims does little more than recite the claim that the documents are exempt. Missing, however, is any explanation of the agency decisions that purportedly were under consideration or any explanation or specification of the harm that would flow to any agency decision-making process if the materials were disclosed. Without this information, DOL has not and cannot meet its burden of proof.

Given the gaps and inconsistencies in what the agency has done and the explanation it has provided for its actions, it appears that DOL is attempting to use Exemption 5 of the FOIA to hide a potentially embarrassing relationship between DOL and its Secretary on the one hand, and the highly controversial and virulently anti-labor Richard Berman on the other hand. If true, this would be an abuse of the FOIA. For all these reasons, DOL's motion for summary judgment must be denied, CREW's cross-motion for summary judgment should be granted, and DOL should be ordered to produce immediately complete, unredacted versions of the documents in question.

## FACTUAL BACKGROUND

Plaintiff CREW is a nonprofit corporation dedicated to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. Complaint ¶ 4. CREW is committed to empowering citizens to have an influential voice in government decisions and in the government decision-making process. <u>Id.</u> CREW relies, in part, on the FOIA for information to assist it in providing the public with full, accurate, and current information. <u>Id.</u> ¶¶ 4-6.

On March 13, 2006, *The Washington Post* reported that an email apparently sent to DOL employees from Lynn Gibson, an aide in DOL's public liaison office, identified a new website, UnionFacts.com. Al Kamen, Who Gets the Not-So-Coveted Rosemary? *The Washington Post*, March 13, 2006. Id. ¶ 4; Complaint Exhibit A; Defendant's Motion for Summary Judgment, Exhibit A-2, p. 34. Ms. Gibson described the website as "dedicated to providing information on labor unions and their expenditures." Id. In fact, as *The Washington Post* article notes, UnionFacts.com, which is run by the Center for Union Facts, is a "stridently anti-union site that talks about the 'political activities and criminal activity of the labor movement.'" Complaint Exhibit A. The Center for Union Facts is headed by Richard Berman, a controversial lobbyist who founded the lobbying firm Berman & Company, and who has also been behind other controversial campaigns.[2] Id. The apparent endorsement by DOL of an anti-union website represents a dramatic departure from DOL's previous alignment with organized labor on employment issues important to the United States' labor force, such as workplace safety, wages, and benefits. Id.

By letter dated March 14, 2006, CREW submitted a FOIA request to DOL for all records that mention or relate to the following: Richard Berman, Berman & Company, any employee or representative of Berman & Company and/or Richard Berman, The Center for Union Facts, The Employment Policies Institute Foundation, and the Center for Consumer Freedom. Complaint Exhibit B; Defendant's Motion for Summary Judgment Exhibit A-1. Before filing this suit, CREW received separate responses from three offices at DOL, each

---

[2]For example, Mr. Berman also founded the Employment Policies Institute Foundation, an organization opposing raising the minimum wage, and he heads the Center for Consumer Freedom, which has labeled concerns about obesity as mere "hype." See, e.g., http://www.consumerfreedom.com/issuepage.cfm/topic/37. Mr. Berman has also advocated lowering the legal blood-alcohol limit. Complaint Exhibit A.

indicating that it had no responsive documents. Complaint Exhibits C, D, and E.[3]

CREW filed this suit on April 24, 2006. Following the filing of this suit, CREW received two more responses (June 16, 2006 and June 25, 2006) from DOL, each indicating that responsive records had been located and forwarding those responsive documents. Defendant's Motion for Summary Judgment Exhibits A-2 and A-3. These responsive documents contain redactions pursuant to FOIA Exemptions 5 and 6. Id.

DOL has now moved for summary judgment, relying in part on a conclusory declaration and its assertions that the redacted material contains deliberative communications exempt under FOIA.

## STATUTORY BACKGROUND

The FOIA, 5 U.S.C. §552, is a mandatory disclosure statute that requires federal agencies to release requested agency records to the public upon a request made by any person, unless one or more of nine statutory exemptions apply. 5 U.S.C §552. "[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." Department of the Air Force v. Rose, 425 U.S. 352, 361 (1976). "Consistent with the Act's goal of broad disclosure, these exemptions have been consistently given a narrow compass." Department of Justice v. Tax Analysts, 492 U.S. 136, 151 (1989); see also FBI v. Abramson, 456 U.S. 615, 630 (1982) ("FOIA exemptions are to be narrowly construed.").

---

[3]As noted in CREW's complaint and in the exhibits to the complaint, by letter dated April 7, 2006, the Director of the Division of Longshore and Harbor Workers' Compensation, in DOL's Office of Workers' Compensation Programs advised CREW that his office had no responsive records. Complaint ¶ 20. The Office of Communications for the Occupational Safety and Health Administration ("OSHA") advised CREW that it had no records responsive to its FOIA request by letter dated April 17, 2006. Complaint ¶ 21. On that same date, a separate letter from the Office of Planning and Analysis for the Employment Standards Administration advised CREW that the Wage and Hour Division had no records responsive to CREW's FOIA request. Complaint ¶ 22.

Agency records not subject to a FOIA exemption must be disclosed upon the agency's receipt of a proper request. Such request must "reasonably describe" the records sought, 5 U.S.C. §552(a)(3)(A), and must be made in accordance with the agency's published FOIA regulations. Id. at §552(a)(3)(A)(ii). DOL has promulgated regulations implementing the FOIA. 29 C.F.R. Part 2201.

The agency must respond to a properly submitted FOIA request within 20 working days by at least notifying the requester of the agency's determination whether or not to disclose the requested document(s), and of the requester's right to appeal the agency determination to the agency head. 5 U.S.C. §552(a)(6)(A)(I). An agency may delay its response to a FOIA request in "unusual circumstances, but most provide notice and "the date on which a determination is expected to be dispatched." Id. at §552(a)(6)(B). An agency must respond to a FOIA appeal within 20 working days, notifying the requester of its determination to either release the requested records or uphold the denial. Id. at §552(a)(6)(A)(ii).

An agency's failure to comply with the time limits for either processing the initial request or adjudicating an administrative appeal may be treated as a "constructive exhaustion" of administrative remedies. 5 U.S.C. §552(a)(6)(C). In those circumstances, the requester may seek judicial relief, without availing itself of the administrative appeal process. *See, e.g.*, Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987). Upon receipt of a FOIA complaint, the district court has jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B). In a FOIA action, the agency bears the burden of justifying its failure to disclose the requested documents. Id.

## **ARGUMENT**

**DOL HAS NOT MET ITS BURDEN OF DEMONSTRATING THAT
THE WITHHELD MATERIAL IS WITHIN EXEMPTION 5 AND
CREW IS ACCORDINGLY ENTITLED TO SUMMARY JUDGMENT.**

In a FOIA lawsuit, the government agency bears the burden of showing that any withheld documents fall within one of nine exemptions to the FOIA, under a *de novo* standard of review. Although courts recognize the importance of an agency's own determination that an exemption applies, this does not relieve the agency's burden and such determination "must be clear, specific and adequately detailed; they must describe the withheld information and the reason for nondisclosure in a factual and nonconclusory manner; and they must be submitted in good faith. Public Citizen Health Research Group v. Food and Drug Administration, 997 F.Supp. 56, 60 (D.D.C. 1998); *see also* Senate of P.R. v. Dep't of Justice, 823 F.2f 574, 585 (D.C. Cir. 1987) (Stating that "'conclusory assertions of privilege will not suffice to carry' the agency's burden.") (citation omitted).

Exemption 5 of the FOIA, on which DOL relies here, protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. §552(b)(5).   As the Supreme Court has noted, to qualify for Exemption 5, "a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." Department of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Association, 532 U.S. 1, 5 (2001) ("Klamath").

Exemption 5 goes to the heart of the relationship between citizen and government; as such it does not exempt from disclosure purely factual information.  Environmental Protection Agency v. Mink, 410 U.S. 73, 91 (1973).  For an Exemption 5 withholding to be sustained by the

Court, DOL must do more than recite conclusory facts in a declaration. The role played by the document in the course of the agency's deliberative process must be established. <u>Judicial Watch Inc. v. Reno</u>, 154 F.Supp. 17, 18 (D.D.C. 2001).

Encompassed within Exemption 5 is the deliberative process privilege, which is intended to "prevent injury to the quality of agency decisions." <u>NLRB v. Sears, Roebuck & Co.</u>, 421 U.S. 132, 151 (1975). To invoke the deliberative process privilege, the agency must show both that the communication is predecisional and deliberative, <u>i.e.</u>, "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." <u>Vaughn v. Rosen</u>, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). The deliberative process privilege applies only to "deliberative" documents and does not extend to purely factual matters or factual portions of deliberative material. <u>See, e.g.</u>, <u>EPA v. Mink</u>, 410 U.S. 73, 91 (1973).

Relying on Exemption 5, DOL redacted four sets of email correspondence[4] based on its claim that "[t]his material, if revealed, would disclose the deliberative process of the Secretary of Labor and her staff." Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("D's Mem."), p. 4. As support DOL offers only its bald assertions, untethered to any explanation of the agency decision-making processes to which the documents purportedly pertain or how the documents' disclosure would harm those processes. Instead, DOL addresses in a general and conclusory fashion four different circumstances which it claims support its redactions and assertion of Exemption 5. D's Mem. at 4-6. We address each one in

---

[4] For one of these documents , Exhibit A-3, Document 9, filed 0828/2006, Page 5 of 24 (DOL #0117), DOL has claimed that it is an email dated December 5, 2002, that is "not responsive." Based on DOL's characterization of this email, sent from Anthony Bedell to Jennifer Jameson, and addressing an entirely different matter, we do not challenge DOL's withholding.

turn, noting how, in each instance, DOL has failed to meet its burden.[5]

### A. Exhibit A-2, Document 9, Filed 08/28/2006, page 33 of 111 (DOL # 35)

This one-page document is a string of three emails related to a single topic for which four separate claims of exemption have been made. The Secretary of Labor, Elaine Chao, is identified as an author and a recipient on two of the messages, which have been largely redacted. The subject of the messages is simply "Larry Lindsay."

In the first email, sent Sunday, June 20, 2004, at 3:44 AM, to Steven Law and John Duncan and copied to four others,[6] Secretary Chao writes, "Larry Lindsay [sic] and I had lunch recently. He mentioned two projects he was working on: 1. A 'First Job' description of prominent individuals." What directly follows has been redacted by DOL, with DOL claiming that "[t]he redacted material is deliberative in that it contains opinions and suggestions exchanged between the Secretary and her staff." D's Mem. at 4. Of note, on the date in question, June 20, 2004, Larry Lindsey was not a member of the Secretary's staff, and was not even a United States government official. See CBS News On-line, http://www.cbsnews.com/stories/2002/12/07/politics/main532180.shtml/; CNN Money On-line, http://money.cnn.com/2002/12/06/news/oneill/. Instead Mr. Lindsey, who was the Director of the National Economic Council until his resignation in December 2002, was a private citizen. Id. Apparently, the lunch discussion referenced in the Secretary's June 20, 2004 email, had something to do with Richard Berman, who is Executive Director of First Jobs. See Exhibit A-2, Document 9, filed 8/28/2006, page 5 of 111. Further, Larry Lindsey apparently was working

---

[5]DOL has attached the redacted documents as part of the appendix to its motion for summary judgment. For ease of reference, when citing to these documents, we include the information appearing at the top of the document as part of the ECF filing.

[6]Those listed as cc's on the email were Ruth Knouse, Sean Redmond, and Laura Genero.

with Richard Berman and is identified as Chairman of First Jobs. Exhibit A-2, Document 9, filed 8/28/2006, page 6 of 111.

DOL has not even attempted to show how a note from the Secretary about a former government official and what they discussed at lunch is even remotely predecisional and deliberative. No case has been made for what role this document played – or more specifically, what role the redactions played – in the decision-making process. See Judicial Watch, Inc. v. Reno, 154 F.Supp. 2d at 18 ("It is not enough to say that a memorandum 'expresses the author's views' on a matter [because the] role played by the document in the course of the deliberative process must also be established."). Absent this critical information, DOL's invocation of Exemption 5 for this document cannot be sustained. Moreover, the fact that the email was sent by the Secretary of Labor, the apparent final decision-maker, undermines its characterization as a predecisional document. Pfeiffer v. CIA, 721 F.Supp. 337, 340 (D.D.C. 1989).

The other redactions on this document similarly are not supported. On June 24, 2004, at 6:03 PM, John Duncan wrote to Secretary Chao on the subject of Larry Lindsay: "Secretary – I have spoken to Rick Berman, Executive Director of First Jobs. [REDACTED] I also found that we have a few weeks to complete the First Jobs 'bio'. [REDACTED]." DOL has not asserted how the information redacted from this document, if released, would stifle honest and frank communications within the agency, the burden it must carry under the FOIA. See Coastal States, 617 F.2d at 866. Moreover, it appears that if there is an actual decision at issue, it is one that involves two non-governmental individuals, Larry Lindsay and Richard Berman. On this record, their inclusion in the decision-making process takes this document outside the scope of Exemption 5, which applies only to inter-agency or intra-agency records. Klamath, *supra*.

In short, DOL has wholly failed to demonstrate that any of the material redacted from

this one-page document is predecisional and deliberative. Its bare statements that these communications concern a draft – which is very different from a draft document itself – do not meet the agency's burden of proof. Accordingly, the Court must order its release in its entirety.

### B. Exhibit A-2, Document 9, filed 08/28/2006, page 103 of 111 (DOL #105); page 106 of 111 (DOL #108), and page 109 of 111 (DOL #111).

These three documents, like the ones discussed above, are each single-page email communications. According to DOL, the redactions contain deliberative communications with DOL staff regarding media articles, and are predecisional because the Deputy Secretary was engaged in questioning senior staff about the articles "in order to determine which, if any, actions the Department might need to take as a result of these articles." D's Mem. at 5.

The full article is contained in DOL's appendix[7] to its motion. The article, which appeared in *The New York Times* on February 14, 2006, is entitled "Group Starts Anti-Union Campaign," and does not contain a single reference to the Department of Labor. On that basis alone it is difficult to understand how the article could have implications for DOL, much less how it could legitimately engender an agency decision-making process. No explanation from DOL has been forthcoming.

Moreover, the email transmissions all involve OPA, presumably, DOL's Office of Public Affairs. This suggests that DOL is attempting to exempt from disclosure under FOIA discussions on how to "spin" a news story, not on what policy avenues should be considered, discussed, or decided. There is no support in case precedent for such a use of Exemption 5, and DOL cites to none. In the absence of an adequate factual predicate, DOL's exemption 5 claims

---

[7]It is attached as pages 109-111 to Exhibit A-2. (DOL #111-113)

for this document must be rejected.

### C. Exhibit A-3, Document 9, filed 8/28/2006, Page 3 of 24 (DOL#0115); Page 4 of 24 (DOL #0116); Page 6 of 24 (DOL#118)

DOL claims that these three pages contain predecisional and deliberative information, but like the other redactions discussed above, DOL has failed to provide sufficient information to support an Exemption 5 withholding. Although DOL states that "[t]hese communication are predecisional in that they were made in an attempt to reach a decision regarding Mr. Berman's request," DOL has failed to explain what request was made by Mr. Berman which led to the discussions it seeks to withhold. Absent this information, the Court cannot meaningfully evaluate the application of Exemption 5. *See, e.g.*, Access Reports v. Dep't of Justice, 926 F.2d 1192, 1196 (D.C. Cir. 1991) (emphasizing importance of identifying larger process to which withheld document contributes). Moreover, to the extent any of these so-called deliberations were embodied in a final decision that would place them outside the reach of Exemption 5. *See, e.g.*, Badhwar v. Dep't of Justice, 622 F.Supp. 1364, 1372 (D.D.C. 1985).

Of note, the redactions on one of the documents are very selective, resulting in disclosure of certain opinions while others are redacted. Page 6 of 24 (DOL #118). This alone, with no further explanation, undermines DOL's suggestion that its decision-making process would be harmed, and reveals DOL's real intent here – to hide the content of some of its discussions, not protect the process of agency decision-making. This does not square with the purpose of Exemption 5.

## **CONCLUSION**

DOL has failed to meet its burden of proving under the Freedom of Information Act that

-11-

its redactions properly fall within the scope of Exemption 5.  For the foregoing reasons, CREW respectfully requests that the Court deny defendant's motion for summary judgment, and grant CREW's cross-motion for summary judgment.  Oral argument is requested.

                                                     Respectfully submitted,

                                                     _____/s/_____

Anne L. Weismann
(D.C. Bar No. 434584)
Sharon Y. Eubanks
(D.C. Bar No. 420147)
Citizens for Responsibility and
    Ethics in Washington
1400 Eye street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: September 11, 2006