UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY )<br>AND ETHICS IN WASHINGTON )<br>                                                            )<br>        Plaintiff,                               )<br>                                                            )<br>    v.                                              )<br>                                                            )<br>UNITED STATES DEPARTMENT OF )<br>LABOR                                         )<br>                                                            )<br>                                                            )<br>        Defendant.                          )<br>_____) | Case No. 1:06CV00743 (RMC) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

Redactions in three sets of e-mail strings remain at issue in this Freedom of Information Act ("FOIA") case. Citizens for Responsibility and Ethics in Washington (the "Plaintiff") contends the declaration relied upon by the United States Department of Labor (the "Department") is too conclusory to meet the Department's burden to prove that the information redacted is covered by at least one FOIA exemption. *See* Plaintiff's Opposition, page 7. In response to plaintiff's contentions, the Department is filing a Supplemental Declaration of Joseph Plick. Pursuant to FOIA Exemption 5, the Department has established, contrary to Plaintiff's arguments, that all the redacted material at issue was predecisional and deliberative. Therefore, the Department requests

that the cross-motion for summary judgment filed by Plaintiff be denied and the Department's motion for summary judgment be granted.

## II.    ARGUMENT

**The Department Has Met Its Burden Of Demonstrating That The Withheld Material Is Within FOIA Exemption 5 And Is Entitled to Summary Judgment.**

The Department properly redacted deliberative process information from the three sets of e-mail correspondence at issue pursuant to FOIA Exemption 5.  We address each e-mail set in turn, noting how, in each instance, the Department has met its burden.

### A.  Exhibit A-2, Document 9, filed 08/28/2006, page 33 of 111 (DOL 0035).

The Secretary of Labor and her staff exchanged opinions and deliberative communications via an e-mail correspondence string, the final e-mail of which was dated July 13, 2004.  *See* Plick Dec. ¶ 7  and Exhibit A-2, page DOL 0035.[1]  The e-mails discuss drafting of a biography of the Secretary in response to a request from The First Jobs Institute, and how to respond to a request from The First Jobs Institute regarding its consumer education program to promote financial literacy.  *See* Supplemental Plick Dec. ¶¶ 1,2.

The first e-mail, dated June 20, 2004, is from the Secretary to the Deputy Secretary, Steven Law, and John Duncan of the Secretary's Office, with courtesy copies to three Department staffers.  *See* Supplemental Plick Dec. ¶ 1.  In the e-mail, the Secretary states that she recently had lunch with Larry Lindsey, who was then working at Richard Berman's The First Jobs Institute, and that Mr. Lindsey had mentioned two projects he was working on.  *Id.*  One was "a 'First Job' description of prominent

---

[1] The original "Plick Dec." was filed with the Department's Motion for Summary Judgment.  Exhibit A-2 is one of the exhibits attached to the original Plick Dec.

individuals," and the other was "a consumer education program about financial literacy." *Id.* The two passages of material redacted from the Secretary's June 20, 2004, e-mail concerned the staff's preparation of the Secretary's responses regarding each of those two projects. *Id.* In particular, the Secretary asked questions and sought the advice of her staff on both issues. *Id.* Both responses remained in formative stages at that time, with various issues unresolved. *Id.*

The second of the three e-mails in this string is dated June 24, 2004, and is John Duncan's reply to the Secretary, with courtesy copies to the Deputy Secretary and three staffers. *See* Supplemental Plick Dec. ¶ 2. Mr. Duncan's reply initially indicates that he spoke to Richard Berman, then addresses each of the two issues raised in the Secretary's initial e-mail. *Id.* Mr. Duncan provides his assessment of and detailed recommendations as to how the Secretary should respond regarding the consumer education program about financial literacy. *Id.* Additionally, Mr. Duncan addressed development of the Secretary's biography for the First Jobs Institute. *Id.* The third e-mail in this string is unredacted. *See* Supplemental Plick Dec. ¶ 3.

These communications are predecisional in that they were made regarding a draft biography of the Secretary to be submitted to The First Jobs Institute and a consumer education program addressing financial literacy. "[A] document is pre-decisional if it was prepared in assistance of agency decision-making, as opposed to supporting, post hoc, a decision that predates creation of the document." *Leadership Conference on Civil Rights v. Gonzalez*, 404 F.Supp.2d 246, 254 (D.D.C. 2005). The redacted material is deliberative in that it contains opinions and recommendations exchanged between the Secretary and her staff regarding the draft. FOIA Exemption 5 protects from disclosure

3

draft documents and discussions regarding draft documents.  *See Judicial Watch, Inc. v. Food and Drug Administration*, 449 F.3d 141, 152 (D.C. Cir. 2006).  "Certainly, the label 'draft' goes to the merits of Exemption 5's predecisional and deliberative elements . . ." *Id*.

      **B.  Exhibit A-2, Document 9, filed 08/28/2006, page 103 of 111 (DOL 0105); page 106 of 111 (DOL 0108); and page 109 of 111 (DOL 0111).**

The Deputy Secretary exchanged opinions and deliberative communications with staff via e-mails, dated February 14, 2006 and March 21-22, 2006, regarding media articles of February 14, 2006 and March 27, 2006 (available via the internet on March 21, 2006).  *See* Plick Dec. ¶ 7 and Exhibit A-2, pages DOL 0105-0113; Supplemental Plick Dec. ¶¶ 4-6.

On February 14, 2006, Paul Borchers, then an employee of the Department's Office of Public Affairs ("OPA"), sent to a Department e-mail list (DOL 0111) called DOL-NEWS-GROUP the text of a *New York Times* article in that day's edition entitled "Group Starts Anti-Union Campaign."  *See* Supplemental Plick Dec. ¶ 5 and DOL 0111-0113.  The article was about the Center for Union Facts and was not redacted.  *Id.*  Later that day, the Deputy Secretary e-mailed Lisa Kruska, of OPA, about the article.  *Id.*  The Deputy Secretary's one sentence e-mail was redacted.  *Id.*  The sentence had the general purpose of preparing to respond, if necessary, to the article, and offered Ms. Kruska certain advice to that end.  *Id.*

As the Supreme Court has stated, "exemption 5 covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Department of Interior v. Klamath Water Users Protective Association*, 532 U.S. 1, 2 (2001).  The e-mail sent by

4

the Deputy Secretary on February 14, 2006 (DOL 0111) is predecisional in that it provided a suggestion to senior staff regarding possible action to take regarding this media article. The redacted material is deliberative in that it contains a suggestion by the Deputy Secretary to his staff. Thus, Exemption 5 covers the February 14, 2006 e-mail sent by the Deputy Secretary.

On March 21, 2006, David James, of OPA, e-mailed the Secretary, Deputy Secretary, and a dozen staffers. *See* Supplemental Plick Dec. ¶ 6 and DOL 0105 and 0110. The e-mail is unredacted, and contains the text of an article by a John Lindsley (not a DOL employee) to be published on March 27, 2006, but available on-line that day, concerning the Department's enforcement of financial reporting requirements for unions. *Id.* The article states that the Center for Union Facts was "[u]nofficially assisting in the Labor Department's effort . . . ." *Id.* Later that day, Lisa Kruska of OPA e-mailed the Deputy Secretary with the general purpose of preparing to respond, if necessary, to that aspect of the article. *Id.* The Deputy Secretary replied with two e-mails on March 22, 2006, one at 7:54 a.m., and another at 10:47 a.m., each asking a different question of Ms. Kruska. *Id.*

The two e-mails sent by the Deputy Secretary on March 22, 2006 (DOL 0105 and 0108) are predecisional in that they questioned senior staff regarding this media article in order to determine which, if any, actions the Department might need to take. The redacted material is deliberative in that it contains opinions and questions exchanged between the Deputy Secretary and his staff.

5

**C.  Exhibit A-3, Document 9, filed 08/28/2006, page 3 of 24 (DOL 0115); page 4 of 24 (DOL 0116; page 6 of 24 (DOL 0118).**

The Deputy Secretary exchanged deliberative internal e-mail correspondence, dated July 19, 20, 22 and 23, 2004, with his staff regarding Mr. Berman's request for support of The First Jobs Institute.  *See* Plick Dec. ¶ 7 and Exhibit A-3, pages DOL 0115-0116 and DOL 0118; Supplemental Plick Dec. ¶¶ 7-12.

In the first string, on July 19, 2004, John Duncan e-mailed Julie Mulvee, both of the Office of the Secretary, regarding the scheduling of a telephone call from Richard Berman regarding the First Jobs Institute.  *See* Supplemental Plick Dec. ¶ 8.  Mr. Duncan offered Ms. Mulvee advice about how to handle the call, which was redacted.  *Id.*  Mr. Duncan also informed Ms. Mulvee of what had been decided, which was to suggest that "we could maybe help via a speech or conference participation, but not a large investment."  *Id.*  Finally, Mr. Duncan reminded Ms. Mulvee of an earlier suggestion she had made, which was redacted.  *Id.*

Later the same day, Ms. Mulvee forwarded Mr. Duncan's e-mail to the Deputy Secretary without comment.  *See* Supplemental Plick Dec. ¶ 9.  Still later that day, the Deputy Secretary sent a two sentence e-mail to Mr. Duncan, with a courtesy copy to Ms. Mulvee, and both sentences are redacted.  *Id.*  Generally, the Deputy Secretary offered his opinion regarding Mr. Duncan's advice to Ms. Mulvee about how to handle the call, then offered his own suggestion regarding how to handle the call.  *Id.*

The next day, July 20, 2004, Mr. Duncan replied to the Deputy Secretary via e-mail, with courtesy copies to Ms. Mulvee and two additional staffers.  *See* Supplemental Plick Dec. ¶ 10.  He first stated that he "will drop by to see if you have a moment to discuss before I call him.  But in the event we don't connect, here are a few

6

questions/issues:". *Id.* The questions/issues are redacted. *Id.* Finally, unredacted, is a list of Mr. Duncan's agenda for the call, which reflects decisions already made. *Id.*

Associate Deputy Secretary for Policy Mala Krishnamoorti replied via e-mail later that day to Mr. Duncan, with courtesy copies to the Deputy Secretary, Ms. Mulvee, and another staffer. *See* Supplemental Plick Dec. ¶ 11. She stated that the Women's Bureau (a Department agency) had already met with Mr. Berman. *Id.* Later on July 20, 2004, the Deputy Secretary replied to Ms. Krishnamoorti, with a courtesy copy to Mr. Duncan. *Id.* The Deputy Secretary first thanked Ms. Krishnamoorti for her information and that sentence is unredacted. *Id.* The remainder of the e-mail is redacted. *Id.* It generally contains the Deputy Secretary's opinions and suggestions regarding Mr. Duncan's earlier questions/issues. *Id.*

On July 22, 2004, Mr. Duncan e-mailed the Deputy Secretary, Ms. Krishnamoorti, Ms. Mulvee, and Andrew Siff, Chief of Staff, stating that he had called Mr. Berman, and informing Ms. Mulvee that the Deputy Secretary need not do so. *See* Supplemental Plick Dec. ¶ 12. Mr. Duncan then reported, in four bullet points, what he said during the phone call. *Id.* Redactions were made only to the third and fourth bullet points. *Id.* In the third bullet point, Mr. Duncan initially stated "[t]hey should call WB [Women's Bureau] and explore possible collaboration." *Id.* The remainder of the third bullet point was redacted and it generally contains Mr. Duncan's advice regarding how the Women's Bureau should handle its discussion with the First Jobs Institute. *Id.* The fourth bullet point began, "I said we were still working on the testimonial for them to post on their website." *Id.* The next sentence was redacted and it described the advice that the Deputy Secretary had given him on this matter. *Id.* The beginning of the next sentence

was redacted because it described advice from counsel.  *Id.*  Then Mr. Duncan wrote, "First Jobs is to check with us if they consider using [the testimonial] in any way besides just having it generically posted along with other VIP testimonials (i.e., for non-promotional purposes)."  *Id.*  The remainder of the e-mail is redacted and it generally asks Chief of Staff Siff for his advice, and offers an option regarding the testimonial.  *Id.*  The last sentence of the e-mail is also redacted; it describes the recommendation Mr. Duncan was preparing for the Secretary.  *Id.*

       The redacted materials are predecisional in that they were made in an attempt to reach final agency decisions.  This e-mail correspondence was conducted prior to the Department's final decision on these issues.  "A document is predecisional if it was prepared in order to assist an agency decision maker in arriving at his decision rather than support a decision already made."  *Petroleum Information Corp. v. Department of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992).  The redacted materials are deliberative in that they contain questions, opinions and recommendations exchanged between the Deputy Secretary and senior staff.  A document is deliberative if "it reflects the give-and-take of the consultative process."  *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

### III.   CONCLUSION

The Department has satisfied its burden of demonstrating that the withheld material is protected by FOIA Exemption 5.  All redacted material at issue was predecisional and deliberative.  Therefore, the Department requests that the cross-motion for summary judgment filed by Plaintiff be denied and the Department's motion for summary judgment be granted.

Dated:  25th day of September, 2006.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar# 434122
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
**Benton.Peterson@usdoj.gov**

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of September, 2006, a true and correct copy of the foregoing:

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Was mailed, postage prepaid, to:

Sharon Eubanks
Citizens for Responsibility and Ethics in Washington
Suite 450
1400 Eye St., N.W.
Washington, D.C. 20005

_____
Office of the U.S. Attorney